Chief Justice Watkins delivered the opinion of the Court. This was an action for unlawful detainer, brought by the ap-pellee, against the appellant. The declaration contains several counts, the substance of the complaint being that the plaintiff, on the 1st January, 1847, was in possession of the south-west quarter of section thirty-three in township fourteen north, oí range four west, containing 160 acres, with all the houses and improvements thereon, and leased the same for a year from that time to the defendant, who entered and took possession of the same, by virtue of the lease : that the defendant unlawfully held over after the determination of the time for which the premises were let to him-, and after a demand in writing had been made upon him for the possession. The defendant pleaded not guilty. On the trial, as appears from the bill of exceptions, the case made in evidence was this: That Turney had been living on the tract of land in question for near twenty years, and built the house, and' cleared and fenced a part of the land, his enclosure containing about twenty acres, known as Turney’s “ old place.” It appears that Turney had no title to the land, which had been patented to one Jonathan Anderson, and, in Nov., 1849, it was sold for taxes by the sheriff of Independence county, the taxes being in arrear from 1828 to 1849, inclusive, and Turney bought thirty acres of it for the amount of taxes due on the tract.. That Turney rented “ the place ” to Miller for the year 1847, who entered as tenant under this agreement of lease. On the 31st of January, 1848, Turney made demand in writing, of Miller for the possession of the premises and farm rented to him. Miller refused to surrender the possession, alleging that the land did not belong to Turney, and that he would not pay him any rent. After Miller had rented the place, he built a blacksmith shop on the same quarter section, but outside of the enclosure of Turney’s improvement. Turney did not claim rent for the shop, but, when 1 the writ was executed, Miller was turned out of it as w7ell as the other improvements on the tract. The jury found for the plaintiff, and the only question here is, whether the court below erred in giving or refusing instructions. The plaintiff asked for four instructions, which the court gave. The first was, in substance, that if the jury believe, from the evidence, that the plaintiff had been in possession of and exercised ownership over the tract of land mentioned in his declaration, and that he rented said tract of land to Miller, the defendant, that the time had expired for which he had rented it, and that he held over and refused to surrender the possession after demand in writing made therefor by the plaintiff before the commencement of the suit, the defendant is guilty of an unlawful detainer, and they should find for the plaintiff. The second instruction is like the first, only that the word “premises” is used instead of “tract of land.” The third instruction was, that if Miller rented the land from Turney, he cannot deny Turney’s right to the possession. The fourth instruction was, that, if they believed, from the evidence, that said tract of land was patented to or owned by another person, and that Turney had possession for over ten years, in the absence of any proof to the contrary, the law presumes that Turney’s possession was lawful-, and under the person having legal title, and co-extensive with the title proved. The court gave the first instruction asked for by the defendant, that if the jury find, from the testimony, that the plaintiff, at the time of his alleged accupancy of the land mentioned in the declaration, was in possession of the same, or any part thereof without title to it, his possession is bounded by such part thereof as he had enclosed and in actual occupation, at the time of the commencement of this suit; and refused to give the second instruction moved for by the defendant, that if the jury find, from the testimony, that the plaintiff was not in possession of said tract of land in the declaration mentioned, but only a part thereof, viz: from 15 to 25 acres, they must find for the defendant. In this case, the precise enquiry for the jury, was, whether Tur-ney had rented to Miller the whole tract or quarter section, or only the field and improvements on it. Because, if the jury could find, from the evidence, that Miller rented of Turney the entire tract, and that the parties so intended it, when Miller was let into possession, it was immaterial whether Turney had title or not, or who had the title. Miller was bound, at the expiration of the lease, to surrender the possession of all that he had acquired as tenant, and in that view the recovery here is right. This form of the action rests entirely upon the contract express or implied between the parties. On the other hand, if the jury believed that Miller only rented the improvement of Turney, it was immaterial what title or length of possession Turney had to the residue of the tract, his recovery would be limited to the enclosure or premises held over. In all actions under the act of forcible entry and detainer, the defendant may be found guilty as to part, and not guilty of the balance of the charge laid in the plaintiff's complaint. (Digest, title Forcible Entry and Detainer, sec. 16.) As the title cannot be adjudicated or drawn in question in any form of this action, (Ib., sec. 17,) if Miller was in possession of any part of the tract without license from Turney, the proper remedy of the latter was by ejectment or trespass, unless the entry had been with force or with strong hand. The second instruction asked for by Miller, was properly refused; first, because it left out of view the relation of landlord and tenant, which was clearly established, at least as to the improvement; and secondly, assuming that as implied, the jury were told to find absolutely for the defendant, in case they believed, from the evidence, that Turney had not been in possession of the entire tract, but only a paid of it; because, on the facts proven, the jury might well have found the issue in favor of the plaintiff as to the improvement or enclosed land, and for the defendant as to the residue. Although the instructions given for the plaintiff did not distinctly present what we conceive to be the only material question of fact in the case, we cannot consider them erroneous or calculated to mislead the jury. Wherefore, the judgment is affirmed.